UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NITV, LLC,

    Plaintiff

v.

COMPUTER VOICE STRESS TESTING &
CONSULTING, INC., DAVID HUGHES and
ROBERT MARTIN,

    Defendants.

_____/

CASE 06 - 80299

CIV - HURLEY

7.HOPKINS

## **COMPLAINT**

Plaintiff, NITV, LLC, a Florida limited liability company ("NITV"), by and through undersigned counsel, brings this Complaint against defendants, COMPUTER VOICE STRESS TESTING & CONSULTING, INC. ("CVSTC"), DAVID HUGHES and ROBERT MARTIN, for injunctive relief and damages, and in support thereof states as follows:

1.    This is an action for copyright infringement pursuant to 17 U.S.C. §101 et seq.

2.    This Court has federal question jurisdiction over the Copyright Act claims set forth below pursuant to 28 U.S.C. §§ 1391(c) and 1400(a). This Court has jurisdiction over the Lanham Act claims set forth below pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), and over the other claims set forth below by virtue of 28 U.S.C. § 1338(b) and of pendent jurisdiction.

3.    Defendant COMPUTER VOICE STRESS TESTING & CONSULTING, INC. is subject to the personal jurisdiction of this Court because it is a Florida corporation and does business in Florida.



4.      Defendants DAVID HUGHES and ROBERT MARTIN are subject to the personal

jurisdiction of this Court because they reside in Florida and do business in Florida.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (d) and under 28 USC

§1400(a) because the defendants reside in this district, the defendants have transacted business

within this district, and a substantial part of the events giving rise to the claims against the

Defendants occurred in this judicial district.

## BACKGROUND

6.      NITV is the national leader in the field of voice stress analysis, and its computer

software, training and related services are utilized by more than 1,400 certified law enforcement

and federal agencies, including the United States military, here and abroad.

7.      Voice Stress Analysis or VSA is a significant investigative tool for law enforcement and

other governmental investigative agencies. VSA technology is based upon many years of

research that has determined the voice can be used to measure psycho-physiologal changes in

brain stress activity. When an individual is under stress the autonomic nervous system causes

inaudible changes in the voice frequency. The CVSA detects, measures, quantifies, and

graphically displays theses changes. During the course of a question and answer set, these

inaudible vocal changes can be directly correlated to stress. Sensitive measurement employing

established questioning methodologies, testing techniques, and built in safeguards can assist

investigators in identifying deception associated with stress in the voice.

8.      NITV is the leader in the field of voice stress analysis. Since 1988, NITV has made

substantial investments in research and software development to improve VSA technology.

NITV's reputation for producing a superior VSA system is unparalleled in the law enforcement

2

community. NITV markets its VSA system under the trademark CVSA. The CVSA mark identifies NITV as the source of origin for a complete VSA system.

9.      A complete CVSA system consists of computer hardware, computer software, interviewing and interrogation techniques, and specialized training. Unlike a polygraph, the CVSA requires no wires be attached to the subject being tested. The CVSA uses a microphone plugged into the computer to analyze the subject's responses. When a test subject is lying, the automatic, or involuntary nervous system, causes an inaudible change in the human voice. The CVSA detects, measures, and displays changes in the voice. As the subject speaks, the computer displays each voice pattern, numbers it and saves each chart to file. Unlike the polygraph, drugs do not affect the results of the exam and there are no known counter-measures that will cause the ubiquitous "inconclusive" results associated with a polygraph.

10.     The computer hardware used in the CVSA system is a laptop computer configured by NITV in order to meet the specifications for optimal performance with the CVSA software. While the computer hardware used with CVSA can be almost any modern laptop computer, proper and effective use of the CVSA system requires NITV to configure each laptop computer for specific use with the CVSA system. This requires the expenditure of time by trained personnel to properly configure and test each system.

11.     The software used with the CVSA system was architected, written, developed, tested and compiled entirely by NITV and its consultants at NITV's expense. The NITV software used in the CVSA system is the result of many years of development, refinement, and improvement by NITV and its consultants based upon NITV's trade secret knowledge and testing and use in real world conditions by NITV and its customers.

3

12.     The original CVSA system was an analog system. Using the original CVSA system, agencies were able to solve crimes that, in some cases, had languished for years. In other cases, individuals that were either untestable or had been called "inconclusive" on the old polygraph agreed to take a CVSA exam and subsequently confessed to their crimes. Following the success of the analog CVSA, NITV developed a software version and incorporated this software into a multi-functional notebook computer.

13.     The interviewing and interrogation techniques included with the CVSA include NITV's Defense Barrier Removal® or DBR® technique to obtain confessions with results that are swift and dramatic. Using NITV's techniques, "cold" cases can be solved by analyzing old interview tapes. NITV's techniques help law enforcement get to the truth and accurately identify deception, or validate statements in the shortest possible time.

14.     Specialized training is required for anyone who operates the CVSA. The process of analyzing and interpreting voice stress results can be a difficult and technical one. Without the proper training by a small number of NITV certified instructors, voice stress analysis results can be easily misinterpreted.

15.     NITV has spent in excess of several millions of dollars developing the CVSA system, including the specialized training and techniques used with the system.

16.     NITV has spent in excess of one million dollars advertising and marketing the CVSA system. Included within the amounts expended for marketing and advertising are substantial costs incurred by NITV in connection with its educational and lobbying efforts to gain acceptance for voice stress analysis technology among law enforcement agencies and the legislatures that fund those agencies. In several states, including Florida, polygraph examiners

4

have raised significant opposition to the use of voice stress analysis technology by law enforcement agencies for fear that these agencies will discover the advantage of the CVSA and restrict the use of polygraph examinations. In an effort to counter the campaign against CVSA, NITV has devoted significant resources to successfully promote the use of voice stress analysis as a superior alternative to polygraph examinations. These lobbying and promotional efforts have inured to the benefit of all voice stress analysis vendors, not just NITV.

17.     Since the late 1980's, NITV has expended large sums of money and significant man hours to develop its voice stress analysis software, hardware configurations, interviewing and interrogation techniques, and specialized training, as well as to promote the use of voice stress analysis and overcome resistance among law enforcement, federal and military agencies used to relying upon polygraphers for truth detection. NITV's investment in research, development, education, marketing and promotion has earned it a much deserved position as the leader in voice stress analysis technology.

18.     NITV' S work includes sensitive and specialized proprietary information including, but not limited to, security products, electronic products, trade secrets, customer information, blue prints, schematics and design information. NITV has been awarded highly sensitive government contracts to provide services used for purposes of law enforcement, national security and counter terrorism.

## NITV'S COPYRIGHT REGISTRATION

19.     In 2002, CVSA created version 3.0.1.0 of the CVSA system entitled "CVSA computer voice stress analyzer software program," which is copyrightable subject matter under the Copyright Act, 17 U.S.C. §101 et seq.

5

20.     NITV has complied in all respects with the provisions of the Copyright Act, and on May

16, 2005 NITV registered the copyright in the CVSA program with the United States Copyright

Office, and secured Certificate of Registration No. TX-6-146-827, a copy of which is attached

hereto as Exhibit A.

21.     NITV is, and at all relevant times has been, the owner of the copyright in that computer

program. NITV has never assigned the copyright in that program to any other entity.

## NITV'S TRADEMARK

22.     On December 12, 1995, the plaintiff was issued a Certificate of Registration for the mark

"NITV", Reg. No. 1,941,056, a copy of which is annexed hereto as Exhibit B.

23.     The NITV mark was first used in commerce in 1988 and has been in continuous use by

NITV since that time.  NITV has devoted considerable resources to promotion of its CVSA

software through the use of the NITV mark.

24.     The NITV mark is incontestable pursuant to 15 USC §1065.

## BACKGROUND ON HUGHES AND MARTIN

25.     Defendant, HUGHES, was employed by NITV from approximately 1993 through August

29, 2005, when Defendant voluntarily abandoned his employment.  Defendant, MARTIN, was

engaged by NITV as an independent contract instructor beginning in 1997 through December of

2005.

26.     As employees or contractors of NITV, defendants had access to sensitive and specialized

proprietary information including, but not limited to, security products, electronic products, trade

secrets, customer information, blue prints, schematics and design information, which are the

property of NITV.  As employees or contractors of NITV, Defendants also had access to

6

formulas, algorithms, patterns, compilations, programs, devices, methods, techniques and process that derive independent economic value from not being generally known and not readily ascertainable by others. Plaintiff has a legitimate business interest in protecting its trade secrets, valuable and confidential business and professional information, substantial relationships with existing and prospective clients and extraordinary and specialized training materials and processes.

27.     As a condition of his engagement with NITV as an independent contract instructor, on January 30, 2004 Defendant MARTIN entered into an Instructor Agreement. A copy of the Instructor Agreement executed by MARTIN is attached hereto as Exhibit C. The Instructor Agreement contains a covenant not to compete in section 5 entitled "Exclusivity," and a non-disclosure agreement in section 7 entitled "Trade Secrets and Confidential Information."

28.     The express purpose of the Trade Secrets and Confidential Information section was to protect trade secrets and other confidential information of NITV.

29.     The restrictive covenants contained in the Exclusivity section are reasonably necessary to protect NITV' s legitimate business interests.

30.     On September 12, 2005, Hughes formed defendant CVSTC. Upon information and belief, Hughes formed CVSTC in order to use it as a vehicle to infringe on the plaintiff's copyrights and illegally compete against it. Prior to forming CVSTC, Defendants wrongfully removed from NITV's possession, without the knowledge or consent of NITV, proprietary, confidential and trade secret information.

31.     On September 8, 2005, NITV had a computer forensics examination conducted on the work computer used by Defendant while employed by NITV. A report of the forensic analysis

7

revealed, among other things, that Defendants had copied proprietary company information belonging to NITV including, but not limited to, several versions of the NITV CVSA application and course materials related to the training of the CVSA. The data was secretly "burned" or copied on the day prior to HUGHES' last date of employment, or Sunday, August 28, 2005, a day when no other NITV employees were in the NITV offices.

32.    From March 13, 2006 through March 17, 2006, defendants Hughes and Martin, through CVSTC, conducted a course in Carrollton, Georgia entitled "VSA Examiners Course." The course instructors were David Hughes and Robert Martin. Both Messrs. Hughes and Martin identified themselves as formerly affiliated with NITV. At the beginning of the first day of the course, Hughes handed out business cards indicating he was president of CVSTC.

33.    During the course Hughes and Martin provided several attendees with laptop computers. The laptop computers contained a copy of NITV's copyrighted CVSA computer program. Forensic examination of one of the laptops revealed that it contained CVSA files with an installation date of March 8, 2006; that CVSA files contained on the laptop computer contained NITV copyright information; that the files had been installed on the laptop from external storage media, most likely a USB "thumb" drive; and that the NITV CVSA program had been run on the laptop computer.

34.    Martin and Hughes stated during the course that they were in the process of creating their own version of the CVSA software with the assistance of an unnamed foreign investor, that they said would basically be the same as NITV's software. Martin and Hughes also discussed that CVSA's could be obtained from John Ryan, an individual who had purchased 10 CVSA systems from NITV, and that they could help a student purchase one of Mr. Ryan's CVSA's.

8

35.    On one day of the course Hughes showed the class a video about the San Francisco Police Department. At the end of the video the NITV registered trademark appeared.

36.    NITV has retained the undersigned attorneys and have agreed to pay them a reasonable fee therefor.

37.    All conditions precedent to the bringing of this action have occurred or have been waived.

## COUNT I
## (COPYRIGHT INFRINGEMENT)

38.    The allegations of paragraphs 1 through 37 are incorporated herein by reference with the same force and effect as if set forth in full below.

39.    The defendants have reproduced, adapted and distributed NITV's copyrighted CVSA software.

40.    At no time has plaintiff authorized defendants to reproduce, adapt or distribute NITV's copyrighted CVSA software.

41.    NITV has been damaged by the defendants' conduct described herein.

42.    Unless enjoined and restrained, defendants' conduct threatens to further infringe plaintiff's copyright interests.

43.    NITV will continue to suffer irreparable harm as a result of the defendants' conduct unless an injunction is entered prohibiting defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

44.    Plaintiff is without an adequate remedy at law.

9

45.     Plaintiff is entitled to recover damages from the Defendants for the Plaintiff's actual damages and any additional profits of the Defendant under 17 U.S.C. § 504 (a)(1) or, in the alternative, is entitled to an award of statutory damages under 17 U.S.C. § 504(a)(2).

46.     Plaintiff is further entitled to recover its costs of bringing this action and its attorney's fees under 17 U.S.C. § 505.

**COUNT II**
**(TRADEMARK INFRINGEMENT)**

47.     The allegations of paragraphs 1 through 37 are incorporated herein by reference with the same force and effect as if set forth in full below.

48.     The trademark NITV is a federally registered trademark, and the Defendants are aware of the enormous goodwill, reputation and value represented and symbolized by the NITV mark. The Defendants are well aware that the NITV mark is widely recognized and relied upon by the public to identify the goods and services of NITV and to distinguish them from the goods and services of others.

49.     The Defendants, with knowledge of the goodwill, reputation and value represented and symbolized by the NITV mark, used the NITV mark despite the fact that they had no authority to do so.

50.     The Defendants, in fact, used the NITV mark in advertising, in offering for sale, and selling goods and services with knowingly false notification to the public that the Defendants were the owners of the NITV trademark.

51.     The actions of the Defendants were without consent of the Plaintiff, were in violation of Plaintiff's rights and were likely to, and did, cause damage to the Plaintiff.

52.     The Defendants' use of the NITV mark with Defendants' notice and claim to the public of Defendants' ownership of said mark was likely to cause confusion, or to cause mistake, or to deceive the consumer and did cause confusion and mistake.

53.     The Defendants' unauthorized use of the NITV mark and wrongful claim of ownership of said mark was done willfully and knowingly in violation of Plaintiff's rights.

54.     The Defendants' use of the NITV mark was done willfully and knowingly in violation of Plaintiff's rights.

55.     The Defendants' actions were committed with the purpose and intent of misappropriating and trading upon the goodwill and reputation associated with the NITV mark.

56.     The Defendants' actions have caused Plaintiff to sustain monetary losses and other damage and injury.

57.     The Plaintiff is entitled to damages for the acts of unfair competition of the Defendants under 15 U.S.C. § 1117, the amount of which to be determined by an accounting and subject to proof at trial.

58.     The Defendants' actions have caused and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiff for which it has no adequate remedy at law.

59.     The Plaintiff is also entitled to an award of treble damages for the Defendants' willful acts under 15 U.S.C. § 1117.

60.     The Defendants' conduct is wrongful, malicious, fraudulent, deliberate, willful and intentional, thereby making this case exceptional, and the Plaintiff is, therefore, entitled to recover costs of this action and attorneys fees under 15 U.S.C. § 1117.

11

## COUNT III
## (CIRCUMVENTION)

61.     The allegations of paragraphs 1 through 37 are incorporated herein by reference with the same force and effect as if set forth in full below.

62.     NITV's copyrighted CVSA software contains technological measures that effectively controls access to the software.  The technological measures, in the ordinary course of an installation, require the application of information, such as a serial number or code, provided by NITV in order to gain access to the CVSA software.

63.      The defendants have circumvented a technological measure that effectively controls access to NITV's copyrighted CVSA software in violation of 17 USC §1201.

64.     The circumvention engaged in by the defendants was without the authority of the plaintiff.

65.     At no time has plaintiff authorized defendants to circumvent a technological measure contained in NITV's copyrighted CVSA software.

66.     No exemptions apply to defendants' circumvention.

67.     NITV has been damaged by the defendants' circumvention.

68.     Unless enjoined and restrained, defendants' circumvention threatens to further infringe plaintiff's copyright interests.

69.     NITV will continue to suffer irreparable harm as a result of the defendants' circumvention unless an injunction is entered prohibiting defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further acts of circumvention.

12

70.     Plaintiff is entitled to recover damages from the Defendants for the Plaintiff's actual

damages and any additional profits of the Defendant under 17 U.S.C. §1203(c)(1)(A) or, in the

alternative, is entitled to an award of statutory damages under 17 U.S.C. §1203(c)(1)(B).

71.     Plaintiff is further entitled to recover its costs of bringing this action and its attorney's

fees under 17 U.S.C. §1203(b).

## COUNT IV
## (COMPUTER FRAUD AND ABUSE ACT)

72.     The allegations of paragraphs 1 through 37 are incorporated herein by reference with the

same force and effect as if set forth in full below.

73.     In the course of engaging in the activity described in this complaint, defendants

knowingly and with intent to defraud accessed a protected computer belonging to NITV without

authorization of NITV, and by means of such conduct furthered the intended fraud and obtained

NITV's copyrighted CVSA software which is valued at more than $5,000, in violation of 18

USC §1030.

74.     NITV's protected computer accessed by defendants is used in interstate commerce and

communications.

75.     Plaintiff has been damaged by defendants' unauthorized access.

76.     Plaintiff is entitled to recover from the defendants compensatory damages for defendants'

unauthorized access.

## COUNT V
## (BREACH OF CONTRACT AGAINST MARTIN)

77.     The allegations of paragraphs 1 through 37 are incorporated herein by reference with the

same force and effect as if set forth in full below.

13

78.     Plaintiff and MARTIN entered into the written Instructor Agreement.

79.     The expressed purposes for the non-competition provisions of the Instructor Agreement were to protect Plaintiff's valuable confidential business or professional information, protect its substantial relationships with prospective or existing customers, protect its customer goodwill associated with its ongoing business practice, and the extraordinary or specialized training required for NITV instructors.

80.     The non-competition provisions of the Instructor Agreement are reasonably necessary to protect NITV's legitimate business interests.

81.     The non-competition provisions of the Instructor Agreement are reasonable in time and geographic scope to protect plaintiff's legitimate business interests.

82.     MARTIN breached the Instructor Agreement by engaging in the activity described in this complaint.

83.     Plaintiff has been damaged by said breach.

84.     Plaintiff has no adequate remedy at law.  Plaintiff will suffer further irreparable harm if MARTIN is permitted to further breach the Instructor Agreement, an injunction should be entered prohibiting MARTIN from further breaching the non-competition and non-disclosure provisions of the Instructor Agreement.

WHEREFORE, NITV prays this Court enter judgment for NITV and against HUGHES, MARTIN and CVSTC for:

### AS TO COUNT I (COPYRIGHT INFRINGEMENT):

a.      A temporary restraining order, preliminary and permanent injunction enjoining and restraining defendants and all persons acting in concert with

them from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling NITV's copyrighted CVSA software or derivatives of NITV's copyrighted software and to deliver up to be impounded during the pendency of this action all copies of said software, all computers on which said software was installed, and all such materials and means for producing same in defendants' possession or control for destruction or other reasonable disposition.

b.    Actual damages and defendants' profits in an amount to be determined at trial, plus interest, or, in the alternative, statutory damages.

c.    An accounting of all gains, profits and advantages derived by defendants by said infringement of plaintiff's copyright or such damages as to the court shall appear proper within the provisions of the copyright statutes.

d.    The plaintiff's reasonable attorney's fees and costs of this action to be allowed to the plaintiff by the court.

e.    Such other and further relief as is just and proper.

**AS TO COUNT II (TRADEMARK INFRINGEMENT):**

a.    A temporary restraining order, preliminary and permanent injunction enjoining and restraining defendants and all persons acting in concert with them from engaging in further infringement and unauthorized use of the trademark NITV.

b.   Plaintiff be awarded damages, including disgorgement of profits, for unfair competition relating to the unauthorized use of the trademark NITV in an amount to be determined by the Court;

c.   Plaintiff be awarded treble damages and any other damages that may be awarded under 15 U.S.C. § 1117 for unfair competition arising from the unauthorized use of the trademark NITV;

d.   Defendants be ordered to implement corrective advertising and other appropriate notice procedures to notify consumers and the public of the proper ownership of the trademark at issue in this action;

e.   Plaintiff be awarded its costs and attorneys fees for bringing this action under Section 43 of the Lanham Act, as provided under 15 U.S.C. § 1117;

f.   Such other and further relief as is just and proper.

## AS TO COUNT III (CIRCUMVENTION):

a.   A temporary restraining order, preliminary and permanent injunction enjoining and restraining defendants and all persons acting in concert with them from further circumvention of NITV's copyrighted CVSA software and to deliver up to be impounded during the pendency of this action all copies of said software and all such materials and means for circumventing same in defendants' possession or control.

b.   Plaintiff's actual damages and any additional profits of the Defendant under 17 U.S.C. §1203(c)(1)(A) or, in the alternative, is entitled to an award of statutory damages under 17 U.S.C. §1203(c)(1)(B).

c.   The plaintiff's reasonable attorney's fees and costs of this action to be allowed to the plaintiff by the court under 17 U.S.C. §1203(b).

d.   Such other and further relief as is just and proper.

**AS TO COUNT IV (COMPUTER FRAUD AND ABUSE ACT):**

a.   Plaintiff's actual damages including its economic loss resulting from defendants' unauthorized access.

b.   The plaintiff's reasonable attorney's fees and costs of this action to be allowed to the plaintiff by the court.

c.   Such other and further relief as is just and proper.

**AS TO COUNT V (BREACH OF CONTRACT AGAINST MARTIN):**

a.   A temporary restraining order, preliminary and permanent injunction enjoining, restraining and prohibiting MARTIN from from further breaching the non-competition and non-disclosure provisions of the Instructor Agreement.

b.   Plaintiff's actual damages, compensatory damages, special damages, and pre and post judgment interest.

c.   Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED this _____ day of March, 2006.

Respectfully submitted,

RUTHERFORD MULHALL, P.A.
2600 N. Military Trail, 4th Floor
Boca Raton, FL 33431
Telephone: (561) 241-1600
Facsimile:  (561) 241-3815
email: jrothman@rutherfordmulhall.com


By: _____

Joel B. Rothman
Fla. Bar No. 0098220
Attorneys for Plaintiff

18

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work

REG: **TX 6 – 146 – 827**

☐ TX        ☐ TXU

EFFECTIVE DATE OF REGISTRATION

**MAY 16, 2005**
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**

**TITLE OF THIS WORK ▼**
CVSA COMPUTER VOICE STRESS ANALYZER SOFTWARE PROGRAM VERSION 3 0 1 0

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2**

**a**

**NAME OF AUTHOR ▼**
DINO GERARDO

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1971   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

---

**3**

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
This information must be given in all cases
**2002** ◀ Year

**b**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ JUNE   Day ▶ 1   Year ▶ 2002   Nation ▶ U.S.A.

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

NITV, LLC
11400 FORTUNE CIRCLE
WEST PALM BEACH, FL 33414

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

BY AGREEMENT

**APPLICATION RECEIVED**
MAY 16 2005
**ONE DEPOSIT RECEIVED**
MAY 16 2005
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

See instructions before completing this space

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions   • Sign the form at line 8

**DO NOT WRITE HERE**
Page 1 of ___ pages


**Exhibit A**

*Deposit consists of source code only.

| EXAMINED BY | JRP | FORM TX |
| --- | --- | --- |
| CHECKED BY | | |

☐ CORRESPONDENCE
Yes

**FOR COPYRIGHT OFFICE USE ONLY**

DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box ) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first application submitted by this author as copyright claimant
c ☐ This is a changed version of the work, as shown by space 6 on this application

If your answer is "Yes," give Previous Registration Number ▶          Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

**a 6**

See instructions before completing this space

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼          Account Number ▼

**a 7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼

Kevin P Crosby, Esq
200 E Las Olas Blvd , Suite 1900
Fort Lauderdale, FL 33301

**b**

Area code and daytime telephone number ▶ (954) 522-2200          Fax number ▶ (954) 522-9123
Email ▶ Kevin crosby@brinkleymcherney com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the          ☐ author
Check only one ▶          ☐ other copyright claimant
          ☑ owner of exclusive right(s)
of the work identified in this application and that the statements made          ☐ authorized agent of _____
by me in this application are correct to the best of my knowledge          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date

DR CHARLES HUMBLE          Date ▶ 3/4/05

Handwritten signature (X) ▼

X _____

| Certificate will be mailed in window envelope to this address | Name ▼ Kevin P Crosby, Esq |
| | Number/Street/Apt ▼ 200 E Las Olas Blvd , Suite 1900 |
| | City/State/ZIP ▼ Fort Lauderdale, FL 33301 |

• Complete all necessary spaces
• Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

Library of Congress
Copyright Office, TX
101 Independence Avenue, S E
Washington, D C 20559-6000

**9**

*17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500

Rev July 2003—xxx   Web Rev July 2003   ☺ Printed on recycled paper          U S Government Printing Office 2000-461 119/20,021

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 1,941,056

## United States Patent and Trademark Office
Registered Dec. 12, 1995

## SERVICE MARK
## PRINCIPAL REGISTER

## NITV

NITV (FLORIDA CORPORATION)
515 N. FLAGLER DR., SUITE 300 PAVILION
WEST PALM BEACH, FL 33401

FOR: EDUCATIONAL SERVICES, NAMELY
CONDUCTING TRAINING SEMINARS IN THE
FIELD OF LAW ENFORCEMENT, IN CLASS 41
(U.S. CLS. 100, 101 AND 107).

FIRST USE 3-0-1988; IN COMMERCE 3-0-1988.

SER. NO. 74-615,854, FILED 12-22-1994.

MARY C. MACK, EXAMINING ATTORNEY

## Exhibit B



# INSTRUCTOR AGREEMENT

THIS AGREEMENT (the AAgreement@) is executed this 30th day of January, 2004, by and between National Institute For Truth Verification LLC a/k/a NITV, LLC, a Florida limited liability company, (the ACompany@), and Robert Martin, (the AInstructor"). (Company and Instructor are collectively referred to as AParties@ or parties@).

WHEREAS, Company owns and operates a business involved in the manufacture, sale and training of voice stress analyzer and equipment, (VOICE TYPE LIE DETECTION/TRUTH VERIFICATION EQUIPMENT, hereinafter, AUNITS@) and CVSAJ voice stress analysis programs and processes (hereinafter, ACVSAJ program@); and,

WHEREAS, INSTRUCTOR desires to operate as a contractor/sub-contractor and authorized instructor of Company; and

WHEREAS, COMPANY grants to Robert Martin the right to act as NITV=s INSTRUCTOR and teach the operation of the CVSAJ and the NITV training program through the Certified Examiners Course (hereinafter, CEC), the Re-Certification/Advanced Examiners Course (hereinafter, AEC), or any other event approved by the NITV under the terms and conditions set forth in this AGREEMENT; and, in consideration of the promises, the mutual representations, warranties, covenants and agreements hereinafter contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties hereby agree as follows:

1. <u>GRANT OF AGREEMENT</u> - INSTRUCTOR is hereby appointed by COMPANY as an ANITV INSTRUCTOR@ as that term is hereinafter defined.

     a.    The title of ANITV INSTRUCTOR@ will be given to the natural person who has completed satisfactorily, the training from COMPANY as to become an NITV INSTRUCTOR and is authorized to teach the CEC, the AEC, or any other NITV programs on behalf of COMPANY. This title shall be renewed from year-to-year following a review.

     b.    INSTRUCTOR shall abide by all written rules and regulations of COMPANY and as may be amended from time to time by COMPANY.

     c.    INSTRUCTOR acknowledges that INSTRUCTOR teaches on behalf of COMPANY and students shall be certified exclusively by COMPANY and not by INSTRUCTOR. It is acknowledged and understood by both Parties that only COMPANY can certify students.

     d.    INSTRUCTOR may conduct CVSA exams at any time either during the course of this Agreement or at any time thereafter.

     e.    INSTRUCTOR is required to attend a two-day COMPANY workshop each year during the term of this Agreement. INSTRUCTORS shall be compensated at five hundred ($500.00) per day for their attendance at the two-day workshop and one hundred ($100.00) per day for travel time. Instructor will also receive per diem for the two days and prorated per diem for travel days.



2.    TERM OF AGREEMENT    The term of this Agreement shall commence on the date of execution of this Agreement and continue for a period of two (2) years unless sooner terminated in accordance with the terms of this Agreement. Thereafter, this Agreement will be renewable for 12 month periods. Termination of the Agreement may be made by either party upon thirty (30) days prior written notice.

3.    CLASS SCHEDULING    COMPANY will offer a guaranteed minimum of 12 classes (CEC, AEC, or combination of classes and work assignments) per calendar year or the equivalent in monetary compensation (guaranteeing the INSTRUCTOR a minimum of $37,996.20 in income from the Company during the calendar year), by giving notice to INSTRUCTOR of the proposed class or work AAssignments.@ Each class Assignment offered to INSTRUCTOR shall be either accepted or rejected by INSTRUCTOR within 7 days of receipt of the notice of Assignment.  Failure of INSTRUCTOR to accept a class Assignment will reduce the number of guaranteed classes to that INSTRUCTOR by one.  Other work assignments may be rejected by INSTRUCTOR without diminishing the number of class assignments required to be offered to the INSTRUCTOR by the COMPANY.  COMPANY reserves the right to cancel a class at any time due to insufficient enrollment.  The cancellation of a class by COMPANY does not reduce the number of guaranteed minimum classes.  Should COMPANY fail to offer the INSTRUCTOR 12 classes per calendar year and INSTRUCTOR fails to realize total guaranteed compensation heretofore mentioned through other work assignments, COMPANY agrees to pay INSTRUCTOR at the current pay rate specified under Section (4) of this Agreement for the Assignments not offered.  COMPANY shall not pay INSTRUCTOR for reductions in guaranteed minimum class Assignments due to rejections by INSTRUCTOR.

*(handwritten in right margin: RECnir)*

4.    FEES AND REIMBURSEMENTS    INSTRUCTORS shall receive three thousand one hundred and sixty six dollars and thirty-five cents ($3,166.35) for the six-day Certified Examiners Course (CEC) or five hundred and thirty-three ($528.00) per day for any part thereof. Instructors shall  receive  two  thousand  five  hundred  dollars  ($2,500.00)  for  the  five-day  Re-certification/Advanced Examiners Course (AEC) or five hundred ($500.00) per day for any part thereof.  Fees for other teaching/work Assignments will be negotiated on a case-by-case basis and INSTRUCTORS will be paid per diem.  Fees for the CEC and the AEC will be subject to an annual cost of living increase as determined by the COMPANY.

*(handwritten: INSTRUCTOR MAY CHOOSE TO)* COMPANY shall make transportation (air & auto) and hotel reservations and pay for these expenses. INSTRUCTORS will be reimbursed for reasonable miscellaneous traveling expenses incurred during Assignments.  All invoices must be submitted to COMPANY within 30 days for reimbursement.  Questionable expenses must be approved in advance barring exigent circumstances.

*(handwritten in left margin: OR HIMSELF, COMPANY NOT REQUIRED TO DO SO.)*

Payment of fees and reimbursement of all expenses from COMPANY to INSTRUCTOR shall be provided within the next 30 days of receipt of invoices from INSTRUCTOR.

Should INSTRUCTOR encounter an auto accident while he/she is fulfilling an Assignment on behalf of COMPANY, NITV agrees to pay insurance deductible.

5.    EXCLUSIVITY    INSTRUCTOR agrees not to teach operation of the CVSA™, the NITV training program or any other type of voice stress analyzing methods or processes for any

person, corporation, or organization different from the COMPANY or its subsidiaries during the term of the agreement. INSTRUCTOR agrees not to engage in any activity competitive with or adverse to COMPANY including but not limited to any activity or investment that conflicts with COMPANY=s interests, occupies INSTRUCTOR=s attention so as to interfere with the proper and efficient performance of his/her duties or interferes with the independent exercise of his/her judgment in COMPANY=s best interests. Upon termination of the Agreement, INSTRUCTOR agrees to not offer and/or provide teaching or consulting services related with voice stress analyzing devices or processes for a period of two (2) years after termination of the contract between the Parties.

6.      INTELLECTUAL PROPERTY      INSTRUCTOR hereby acknowledges that all CEC and AEC content, materials, methods, technology, Units, copyrights, copyright able materials, trademarks, patents, and all other information or intellectual property related with the Units, the CEC, the AEC and the CVSAJ program is the exclusive property of COMPANY. Nothing in this Agreement or any other agreements between INSTRUCTOR and COMPANY shall be deemed to convey any right, title or interest in any intellectual property, except as may be expressly written.

        a. COMPANY agrees to load the CVSA program onto the INSTRUCTOR=s personal laptop. INSTRUCTOR acknowledges that the loaded CVSA program is subject to the terms of the applicable software license agreements.

7.      TRADE SECRETS AND CONFIDENTIAL INFORMATION      All information with respect to company=s business which is generally kept from disclosure to the general public and may be considered valuable to COMPANY's competitors, information typically created by COMPANY for COMPANY=s own use and includes, but is not limited to technology, inventions, improvements, discoveries, ideas, know-how, computer software and programming, methodologies, non-public client lists, marketing plans and strategies, memoranda, notes, records, financial information, processes, literary property and any other information which is designated when received to be the property of COMPANY or of confidential nature, or other documentation relative to the equipment sold by COMPANY and the training methods utilized by COMPANY with respect thereto, which training methods have been created solely by COMPANY for COMPANY=s sole and exclusive use, shall be considered ATrade Secrets@ and AConfidential Information.@ INSTRUCTOR acknowledges that all Trade secrets and/or Confidential Information is solely owned by COMPANY and constitute a legitimate business interest of COMPANY which COMPANY is entitled to protect.

        INSTRUCTOR agrees not to disclose, directly or indirectly, in any capacity, disseminate to individuals or entities different from the COMPANY, any of COMPANY's Trade Secrets or Confidential Information. Notwithstanding the foregoing, INSTRUCTOR shall be entitled to disclose such trade secrets or confidential information if required by a proper court order or legal subpoena. In that event, INSTRUCTOR shall immediately notify COMPANY of the disclosure in writing and describe in detail the information disclosed and the persons to whom the disclosure was or will be made. INSTRUCTOR agrees to safeguard Trade Secrets and Confidential Information from an authorized disclosure, using the maximum degree of care possible.

        Upon request of COMPANY or upon termination of this Agreement, INSTRUCTOR shall return to COMPANY any and all Trade Secrets, Confidential Information, or any and all copies of NITV materials that INSTRUCTOR holds or has made.

8.   **EVENT OF DEFAULT BY INSTRUCTOR**   The following events or any one or more of them, shall be considered by COMPANY as an event of Default by INSTRUCTOR.

a. If INSTRUCTOR provided false or misleading information to COMPANY during INSTRUCTOR=s selection process or any reviews.

b. If INSTRUCTOR, given the proper notice of at least 90 days, fails during the term of this Agreement to attend the mandatory two-day workshops held yearly without proper justification.

c. If INSTRUCTOR teaches and/or certifies students of voice stress analyzing courses without COMPANY=s knowledge or approval.

d. If INSTRUCTOR discloses any Trade Secret or Confidential Information to any third party without the COMPANY=s prior authorization or in absence of a court order or legal subpoena that requires the disclosure.

e. If INSTRUCTOR has been or is convicted of a felony, or is involved in any conduct in the classroom or his private life, that the COMPANY reasonably believes is likely to have an adverse effect on COMPANY, or/and INSTRUCTOR engages in conduct that is deleterious to, and reflects unfavorably on the COMPANY.

f. If INSTRUCTOR fails to comply with any provisions, terms, conditions, and/or obligations contained in this Agreement or with any written regulations or rules of the COMPANY, during the term of this Agreement and thereafter, as applicable.

Events of Default by INSTRUCTOR may be considered INSTRUCTOR=s breach of this Agreement or cause for unilateral termination of this Agreement by COMPANY.

9.   **TERMINATION OF AGREEMENT**   Upon the termination of this Agreement for any reason, all rights granted to the INSTRUCTOR will terminate immediately.  Upon termination, INSTRUCTOR shall take immediate action as may be necessary to cease all uses of COMPANY=s name, trademarks, or any other intellectual properties.  All materials and copies printed, produced and/or owned by COMPANY and provided to INSTRUCTOR by COMPANY shall be returned to COMPANY upon termination of this Instruction Agreement. No copying of any materials during this Instruction Agreement is permitted without COMPANY=s prior express authorization.

10.   **NOTICES**   All notices, requests, consents, and other communications required or permitted under the Agreement shall be in writing and will be sent to the Parties addresses listed below:

11.   **BINDING EFFECT**   All terms of this Agreement, are binding upon and are enforceable by the Parties.

12.   **LAWS AND VENUE**   The laws of the State of Florida shall govern this Agreement. Venue shall be in Palm Beach County, Florida

IN WITNESS WHEREOF, THE PARTIES HERETO HAVE SIGNED THIS ADDENDUM ON
THE 29th DAY OF JANUARY, 2004.

Address: _1510 Aspenwood St. Winter Springs Florida_

Tel No.: _407-971-6368_      Fax No.: _407-971-4796_      _32708_

E-mail address: _RDMJR @ EARTHLINK. NET_

By: _____

_Robert Martin_

Print Name and Title


NITV, LLC, a Florida Limited Liability Company.

11400 Fortune Cir., West Palm Beach, FL 33414 USA

Tel No.: (561) 798 - 6280  Fax No. (561) 798 - 1594

E-mail address: NITV1.com

By: _____

Dr. Charles Humble, Chairman & C.E.O.

| | |
|---|---|
| From: | Captain Hughes <captainhughes@cvsa1.com> |
| To: | Robert Martin , MCQ521@aol.com, billengelman@att.net, billuendler@netzero.com |
| Subject: | Contract admendment |
| Date: | Mar 19, 2004 1:28 PM |
| Attachments: | nitvb.gif |

Everyone,

Please read and sign the following contract admendment: if you remember this was a joint decision by everyone.  Therefore, please print this out, put you name on the top line and sign the bottom line in front of a witness.

Thanks.

Dave Hughes

I, ~~Robert D. Martin~~_____, accept this admendment to the 2004 employee contact between myself and NITV, LLC; NITV Instructors agree to accept as a daily pay for conducting any training directly or indirectly involving the use, certification or recertification of the Computer Voice Stress Analyzer(tm) , four hundred dollars and no cents, from any of the current CVSA associations, *Central Association of Certified Voice Stress Analysts* (CACVSA), *Midwest Association of Certified Voice Stress Analysts,* (MACVSA), *Pacific Association of Certified Voice Stress Analysts* (PACVSA), *Southern Association of Certified Voice Stress Analysts* (SACVSA) and or the International Associaton of Certified Voice Stress Analysts (IACVSA).  Pay for travel, Per Diem and related cost are subject to approval by the instructors and the associations scheduling their services and independent to the employee contract.

3212358829                        P.2

Web Mail Printable Message                                          **Page 2 of 2**

_____
(Instructor)

_____
(Witness)

_3-19-04_____
(Date)

**06-80299**

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NITV, LLC. | HOPKINS COMPUTER VOICE STRESS TESTING & CONSULTING, INC., DAVID HUGHES and ROBERT MARTIN |

CIV-HURLEY

| (b) County of Residence of First Listed Plaintiff Palm Beach | County of Residence of First Listed Defendant Palm Beach |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |

(c) Attorney's (Firm Name, Address, and Telephone Number)

Joel B. Rothman, Esquire
Rutherford Mulhall
2400 North Military Trail, 4th Floor
Boca Raton, FL 33431

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☑ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

PalmBeach 9:06cv80299 Hurley 1 Hopkins

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☑ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☑ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Other Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

| VI. RELATED/RE-FILED CASE(S). | (See instructions second page): | a) Re-filed Case ☐ YES ☐ NO | b) Related Cases ☐ YES ☐ NO |
|---|---|---|---|
| | | JUDGE | DOCKET NUMBER |

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

17 USC Sec. 101, copyright infringment and trademark infringment

LENGTH OF TRIAL via **3** days estimated (for both sides to try entire case)

| VIII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No |
|---|---|---|---|

| ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE | SIGNATURE OF ATTORNEY OF RECORD | DATE 3/31/06 |
|---|---|---|

**FOR OFFICE USE ONLY**

AMOUNT $250.00 RECEIPT # 937766

03/31/06