UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-80299-CIV-HURLEY
Magistrate Judge J. Hopkins

NITV, LLC

    Plaintiff,

vs.

COMPUTER VOICE STRESS TESTING &
CONSULTING, INC., DAVID HUGHES
and ROBERT MARTIN,

    Defendants.
_____/



### DEFENDANTS' ANSWER TO COMPLAINT

Defendants Computer Voice Stress Testing & Consulting, Inc. ("CVSTC"), David Hughes ("Hughes") and Robert Martin ("Martin") (collectively "Defendants"), by and through their undersigned counsel answer the Complaint of NITV by denying all allegations except as follows:

1.    Defendants admit the case is styled as such.

2.    Defendants admit the allegations of paragraph 2 of the Complaint.

3.    Defendants admit the allegations of paragraph 3 of the Complaint.

4.    Defendants admit the allegations of paragraph 4 of the Complaint.

5.    Defendants Hughes and CVSTC admit the allegations of paragraph 5 of the Complaint. Defendant Martin denies the allegations of paragraph 5 of the Complaint.

6.    Defendants admit that NITV is the national leader, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Complaint.

7. Defendants admit the allegations of the first sentence of paragraph 7, but deny the remaining allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of the first sentence of paragraph 8, but deny the remaining allegations of paragraph 8 of the Complaint.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants deny the allegations of paragraph 10 of the Complaint.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants admit the first sentence of paragraph 12, but deny the remaining allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Defendants admit the last sentence of paragraph 16, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint.

17. Defendants deny the last sentence of paragraph 17, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants admit the allegations of paragraph 19 of the Complaint, however deny that any Defendant has the version referenced.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint. The document referenced in paragraph 20 of the Complaint speaks for itself. Defendants admit the allegations of paragraph 20 to the extent they are consistent with the document and deny the allegations of paragraph 20 to the extent they are not consistent.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint. The document referenced in paragraph 22 of the Complaint speaks for itself. Defendants admit the allegations of paragraph 22 to the extent they are consistent with the document and deny the allegations of paragraph 22 to the extent they are not consistent.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Defendants admit Hughes' employment dates, but deny that he voluntarily abandoned his employment. Defendants admit the second sentence of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint. The document referenced in paragraph 27 of the Complaint speaks for itself. Defendants admit the allegations of paragraph 27 to the

extent they are consistent with the document and deny the allegations of paragraph 27 to the extent they are not consistent.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants admit the first sentence of paragraph 30, but deny the remaining allegations of paragraph 30 of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Defendants admit the allegations of paragraph 32 relative to Hughes, but deny the allegations of paragraph 32 of the Complaint as to Martin.

33. Defendants deny the allegations of paragraph 33 of the Complaint, except admit that Martin loaned his laptops to course attendees. The loaned laptops did not contain any copyrighted materials.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants admit the allegations of paragraph 35 of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

## COUNT I

38. Defendants reallege the same responses as set forth herein.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint. Defendants specifically state that the versions of software that they own are not copyrighted, nor have the Defendants ever executed an end user license agreement.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

## COUNT II

47. Defendants reallege the same responses as set forth herein.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

## COUNT III

61. Defendants reallege the same responses as set forth herein.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

## COUNT VI

72. Defendants reallege the same responses as set forth herein.

73. Defendants deny the allegations of paragraph 73 of the Complaint.

74. Defendants deny the allegations of paragraph 74 of the Complaint.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

## COUNT V (asserted only against Martin)

77. Defendant Martin realleges the same responses as set forth herein.

78. Defendant Martin admits the allegations of paragraph 78 of the Complaint.

79. The document referenced in paragraph 79 of the Complaint speaks for itself. Defendant Martin admits the allegations of paragraph 79 to the extent that they are consistent with the document and denies the allegations of paragraph 79 to the extent they are not consistent.

80. Defendant Martin denies the allegations of paragraph 80 of the Complaint.

81. Defendant Martin denies the allegations of paragraph 81 of the Complaint.

82. Defendant Martin denies the allegations of paragraph 82 of the Complaint.

83. Defendant Martin denies the allegations of paragraph 83 of the Complaint.

84. Defendant Martin denies the allegations of paragraph 84 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Count III (Circumvention) fails to state a cause of action inasmuch as Plaintiff does not allege factual assertions setting forth the elements of this cause of action.

2. Count IV (Computer Fraud and Abuse Act) fails to state a cause of action inasmuch as Plaintiff does not allege factual assertions setting forth the elements of this cause of action.

3. Plaintiff breached the instructor agreement by failing to provide the contracted for number of classes and by failing to pay Martin in accordance with the terms of the instructor agreement. As such, Plaintiff cannot maintain Count V (Breach of Contract against Martin).

BOOSE CASEY CIKLIN LUBITZ
MARTENS McBANE & O'CONNELL

_____
JOHN D. BOYKIN, ESQ.
Northbridge Center, 19th Floor
515 North Flagler Drive
West Palm Beach, FL  33401
jboykin@boosecasey.com
Telephone:  (561) 832-5900
Facsimile:  (561) 833-4209
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished, on this date, via facsimile and U.S. Mail to Joel B. Rothman, Esq., Rutherford Mulhall, 2600 North Military Trail, 4th Floor, Boca Raton, FL  33431.

_____
JOHN D. BOYKIN
Florida Bar No.:  464406

Date:  May 5, 2006.